IN THE MATTER OF INTEREST ON LAWYER TRUST ACCOUNTS (IOLTA)

No. 85-522
Submitted: Oct. 21, 1985.
Decided: Oct. 31, 1985.

ORDER

On October 21, 1985 the petitioner, the State Bar of Montana, filed in this Court its petition for the adoption of an Interest on Lawyer Trust Accounts Program (IOLTA) through the vehicle of amendments to Rule 1.15 of The Rules of Professional Conduct adopted by this Court on June 6, 1985.

As set forth in its petition, the State Bar of Montana has held meetings with local bar associations throughout the state explaining the IOLTA program, the Board of Trustees has unanimously endorsed the program, and the program was submitted to a vote of the membership of the State Bar after notice at its annual meeting in June of 1985 where it was approved by an overwhelmingly affirmative vote. The Court has been advised that IOLTA programs have been adopted in more than two thirds of the states.

Accordingly, IT IS HEREBY ORDERED:

1. By and under the authority vested in the Supreme Court of the State of Montana in Article VII, Section 2 (3) of the Constitution of the State of Montana, we do hereby adopt and promulgate amendments to Rule 1.15 of the Rules of Professional Conduct attached hereto establishing an Interest On Lawyer Trust Accounts Program (IOLTA).

2. The amendments hereby adopted shall be in force as of the date of this Order.

3. A copy of this Order shall be published in the Montana Reports as soon as practically possible; the Clerk of this Court shall forward a copy of said Order and Rules to each

district judge in the State of Montana, and to each clerk of the District Court of the State of Montana; the Clerk shall further send a copy of these Rules to each federal district judge sitting in the District of Montana and to the Clerk of the United States District Court. A copy shall also be furnished to the State Bar of Montana at its office in Helena, Montana; and the State Bar of Montana shall publish a copy of the Order in The Montana Lawyer as soon as practically possible.

We direct the Clerk of this Court to furnish to West Publishing Company a copy of this Order with a request that the Order be published in the Pacific Reporter, both advance sheets and permanent bound volumes, in accordance with the custom followed by West Publishing Company. In addition, we direct the Clerk of this Court to furnish to State Reporter a copy of this Order with the request that the Order be published in the State Reporter in accordance with its custom.

DATED this 31st day of October, 1985.

s/J.A. Turnage, Chief Justice
s/John Conway Harrison, Justice
s/Fred J. Weber, Justice
s/Frank B. Morrison, Justice
s/John C. Sheehy, Justice
s/L.C. Gulbrandson, Justice
s/William E. Hunt, Sr., Justice

## AMENDMENTS TO RULE 1.15 RELATING TO SAFEKEEPING PROPERTY, OF THE SUPREME COURT OF MONTANA'S RULES GOVERNING THE STATE BAR OF MONTANA

### RULE 1.15 Safekeeping Property

\* \* \*

(d) Nothing in these Rules shall prohibit a lawyer or law firm from placing clients' funds which are nominal in amount or to be held for a short period of time in one or more interest-bearing accounts for the benefit of the charitable purposes of a Court-approved Interest on Lawyer Trust Accounts (IOLTA) program.

(e) (1) Unless an election not to do so is submitted in accordance with the procedure set forth in subsection (5) of this Rule, a lawyer or law firm with which the lawyer is associated who receives client funds shall maintain a pooled interest-bearing depository account for deposit of client funds that are nominal in amount or expected to be held for a short period of time. Such an account shall comply with the following provisions:

(i) The account shall include only clients' funds which are nominal in amount or are expected to be held for a short period of time.

(ii) No interest from such an account shall be made available to a lawyer or law firm.

(iii) The determination of whether clients' funds are nominal in amount or to be held for a short period of time rests in the sound judgment of each attorney or law firm.

(iv) Notification to clients whose funds are nominal in amount or to be held for a short period of time is not required.

(2) Any interest-bearing trust account established pursuant to subsection (1) of this Rule may be established with any financial institution which is authorized by federal and state law to do business in the state in which the lawyer's or law firm's office is situated and which is a member of the Federal Deposit Insurance Corporation, or the Federal Sav-

ings and Loan Insurance Corporation, or successor agencies. Funds deposited in such accounts shall be subject to withdrawal upon request and without delay.

(3) Lawyers or law firms depositing clients funds which are nominal in amount or to be held for a short period of time in an interest-bearing depository account under subsection (1) of this Rule shall direct the depository institution:

(i) to remit interest or dividends, net of any service charges or fees, on the average monthly balance in the account, or as otherwise computed in accordance with the institution's standard accounting practice for other depositors, at least quarterly, to the Montana Law Foundation.

(ii) to transmit with each remittance to the Montana Law Foundation a statement showing the name of the lawyer or law firm for whom the remittance is sent and the rate of interest applied.

(3) The Montana Law Foundation shall maintain records of each remittance and statement received from depository institutions for a period of at least three years and shall, upon request, promptly make available to a lawyer or law firm the records and statements pertaining to that lawyer's or law firm's account.

(4) All interest transmitted to the Montana Law Foundation shall, after deduction for the necessary and reasonable administrative expenses of the Montana Law Foundation for operation of the IOLTA program, be distributed by that entity for the following purposes:

(i) providing legal services to the poor of Montana, who would otherwise be unable to obtain legal assistance;

(ii) promoting a knowledge and awareness of the law:

(iii) improving the administration of justice; and

(iv) for the reasonable costs of administration of interest earned on clients' trust accounts under this Rule.

The Montana Law Foundation shall have authority to make distributions for the above-enumerated purposes in whatever proportions it deems appropriate.

(5)(i) A Lawyer or law firm that elects to decline to maintain accounts described in subsection (1) of this Rule for the twelve months following the effective date of this Rule shall submit a Notice of Declination in writing to the Clerk of this Court on or before December 1, 1985. Any such submission need not be renewed for any ensuing year.

(ii) Notwithstanding the foregoing, any lawyer or law firm may petition the Court at any time and for good cause shown may be granted leave to file a Notice of Declination at a time other than those specified above. An election to decline participation may be revoked at any time by filing with the Clerk of this Court a request for enrollment in the program.

(iv) A lawyer or law firm that does not file with the Clerk of this Court a Notice of Declination in accordance with the provisions of this Rule shall be required to maintain accounts in accordance with subsection (1) of this Rule.